This is an appeal by the Bankers Indemnity Insurance Company, the employer’s insurance carrier, from an award of death benefits in favor of the widow and daughter of Gerard C. Grenier, the deceased employee. The employer was engaged in the manufacture of parachute signal flares and decedent was employed as a production manager. On September 29, 1943, while decedent was engaged in his regular occupation at the employer’s plant located at Coeymans, Albany County, an explosion occurred, as a result of which decedent sustained fatal burns and died on September 30th following. Shortly after the accident the widow filed claim for compensation with the Workmen’s Compensation Board and thereafter hearings were conducted on the claim. Prior to this accident the employer maintained its executive offices, plant and principal place of business in the city of Albany. The appellant covered the employer’s liability under the Workmen’s Compensation Law in connection with this plant and its operations. Subsequently the employer transferred most of its signal flare manufacturing operations to the plant located at Coeymans and also continued its plant at the Albany address. Before the accident the employer repeatedly notified the appellant as to its operations at the plant at Coeymans and the board held that the appellant agreed to and did *1085 cover these operations. After the decedent’s death the employer filed a first report of injuries dated October 2, 1943, and the appellant filed a notice of controversy dated October 8, 1943. Medical reports and other documents were also filed. Several hearings were held and the proceedings were then adjourned because of a third-party action for negligence instituted by the widow as administratrix in the State of Pennsylvania on the ground that the employer negligently manufactured a machine which caused the decedent’s injuries. In the meantime the appellant instituted an action in the Federal District Court for the Northern District of New York for a declaratory judgment decreeing that the workmen’s compensation policy issued by it to the employer did not cover the employer’s operations at Coeymans. The employer and decedent’s widow and daughter were named as party defendants. The Workmen’s Compensation Board was not a party to that action. The employer interposed a defense that the carrier had by oral binder covered the risk at Coeymans and requested reformation of the policy. After trial in the Federal Court in February, 1948, that court found in favor of the defendants, directed a reformation of the policy and found that the widow and daughter were entitled to workmen’s compensation under the laws of the State of New York. Thereafter appellants served notice of appeal to the Federal Circuit Court of Appeals from the judgment of the District Court. No further action was taken by the appellant in the prosecution of the appeal. The board made an award in favor of the widow and the daughter and from these awards the appellant has come to this court. The sole ground of appellant’s appeal is that the board was without jurisdiction to make the awards. Appellant contends that the Federal Court had exclusive jurisdiction. The board found that it had jurisdiction. "In the opinion of this court the Workmen’s Compensation Board is vested with jurisdiction and the contention of appellant is without merit. The findings and determination of the board are sustained by the proof. Award unanimously affirmed, with costs to the Workmen’s Compensation Board against the Bankers Indemnity Insurance Company, appellant. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.